UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, AT DAYTON

**STANDING ORDER GOVERNING CRIMINAL CASES**

Effective as of May 13, 2021


Hon. Michael J. Newman
United States District Judge
Walter H. Rice Federal Building & U.S. Courthouse
200 West Second Street, Room 505
Dayton, Ohio 45402
newman_chambers@ohsd.uscourts.gov


Courtroom Deputy/Judicial Assistant:
Diane Marcus
(937) 512-1640
diane_marcus@ohsd.uscourts.gov


Court Reporter:
Julie Hohenstein
(937) 512-1639
julie_hohenstein@ohsd.uscourts.gov

TABLE OF CONTENTS

I.      GENERAL PROVISIONS ........................................................................ 1

II.     TRIAL DATE ...................................................................................... 1

III.    DISCOVERY AND INSPECTION ........................................................ 1

IV.    MAGISTRATE JUDGE PRACTICE ..................................................... 2

V.     MOTIONS ......................................................................................... 2

VI.    PLEA NEGOTIATIONS AND PLEA AGREEMENTS ............................ 3

VII.   MOTIONS FOR CONTINUANCE ....................................................... 3

VIII.  EXHIBITS ......................................................................................... 3

IX.    STIPULATIONS ................................................................................. 4

X.     STATEMENT OF THE CASE .............................................................. 4

XI.    *VOIR DIRE* EXAMINATION ............................................................ 4

XII.   CHALLENGES ................................................................................... 5

XIII.  PREEMPTORY CHALLENGES .......................................................... 5

XIV.  JURY INSTRUCTIONS ....................................................................... 6

XV.   SENTENCING .................................................................................... 6

XVI.  PAGE LIMITATIONS AND FORMATTING ......................................... 6

XVII. CONCLUSION ................................................................................... 7

APPENDIX A: *VOIR DIRE* QUESTIONS BY THE COURT ................................ 8

## I.      GENERAL PROVISIONS

The Local Criminal Rules of the United States District Court for the Southern District of Ohio, including the *Introductory Statement on Civility*, which applies in criminal cases, shall be strictly adhered to by all parties and counsel appearing before the undersigned and will be strictly enforced by the Court.

This Standing Order replaces Dayton General Order No. 12-01 for all criminal cases assigned to the undersigned. On or after the effective date of this Standing Order, all counsel of record are charged with knowledge of the procedures and requirements contained herein. The Court reserves the right to impose sanctions for violations of the Local Rules or Civility Statement.

## II.     TRIAL DATE

Each criminal case will be set for trial on the Monday prior to the expiration of the Speedy Trial Act deadline, 18 U.S.C. § 3161, at 9:30 A.M.[1] The final pretrial conference will be scheduled on a date and time approximately two weeks before trial. All trial counsel and the defendant must appear in person at the final pretrial conference.

## III.    DISCOVERY AND INSPECTION

Defense counsel are directed to contact the Assistant United States Attorney in charge of the prosecution of a case to arrange a meeting for the purpose of resolving all discovery requests provided for under the Federal Rules of Criminal Procedure, including Rule 16. Approximately fourteen days after the preliminary pretrial conference, the government shall make the required disclosure of discoverable evidence under the terms and conditions of Rule 16.

The discovery meeting shall be held as promptly as possible. If, at any time during the course of these proceedings, any party fails to comply with Rule 16, such failure shall be brought

---

[1] Trials commenced during the pendency of General Order No. 21-07 will be held in a courtroom outfitted with plexiglass.

to the Court's attention by a motion to compel discovery. Motions to compel shall be filed no later than seven days from the date of a party's denial of the initial discovery request.

## IV.     MAGISTRATE JUDGE PRACTICE

All criminal cases assigned to the undersigned, upon filing, are hereby referred by this Standing Order to the assigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C) and § 636(b)(3). The Magistrate Judge is authorized to perform any preliminary functions up and until the filing of the information or indictment. The Court reserves the right to delegate disposition of pretrial matters to the Magistrate Judge subject to any limitations imposed by the Constitution or laws of the United States.

## V.     MOTIONS

All motions of any kind, by the defendant or by the government, shall be filed no later than thirty days after the preliminary pretrial conference. All responses in opposition -- other than those filed in response to a motion to suppress evidence[2] -- shall be filed no later than seven days after the filing of said motions. Upon the filing of any motion, the movant shall state whether, and for what reasons, an evidentiary hearing is required. If the Court agrees, an evidentiary hearing will be scheduled.

The Court anticipates that counsel will file motions in compliance with S.D. Ohio Civ. R. 7.2 and 7.3. *See* S.D. Ohio Crim. R. 1.2 (Local Civil Rules shall apply to criminal actions with exceptions established in Rule 1.3). Counsel for the movant shall state whether opposing counsel

---

[2] Motions to suppress will be governed by separate Court Order. Generally, the Court will establish the following suppression motion briefing schedule: (1) the defendant shall file a post-hearing brief 21 days from receipt of the hearing transcript; (2) the government shall file an opposition memorandum 21 days after the filing of the defendant's brief; and (3) the defendant shall file a reply brief -- if any -- 10 days following the filing of the defendant's opposition memorandum.

consents to, or will oppose, the pending motion. If opposing counsel does not respond to the request, the motion shall state that such an attempt occurred.

## VI.      PLEA NEGOTIATIONS AND PLEA AGREEMENTS

Plea agreement discussions between the government and defense counsel pursuant to Rule 11 of the Federal Rules of Criminal Procedure shall commence as soon as practicable. If a plea agreement is reached, counsel shall notify the Court and submit the plea agreement. The defendant shall sign the plea agreement and initial the bottom of each page. A change of plea hearing shall be scheduled soon thereafter. The Court will consider plea agreements reached under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

## VII.     MOTIONS FOR CONTINUANCE

Any motion for a change of the trial date shall be in writing and should be made at least seven days prior to the scheduled trial date. Motions for continuances shall set forth those Speedy Trial Act factors listed in 18 U.S.C. § 3161(h)(7)(B) that the movant contends support the motion.

## VIII.    EXHIBITS

### A.      EXHIBIT LISTS

Unless otherwise ordered, counsel shall submit to the Court's chambers three typed copies of a list of proposed exhibits no later than seven days before the trial date. The list shall include the proposed exhibit number and a substantial description of each exhibit. Both sides shall number their exhibits with Arabic numbers, preceded by the letter prefix "G" for prosecution or "D" for defense. Exhibit lists shall be three-hole punched.

### B.      TRIAL EXHIBITS

Each party intending to offer exhibits will mark the exhibits before trial begins. Seven days before trial begins, counsel shall provide the original and two copies of the exhibits to the Court and one copy to opposing counsel. The exhibits provided to the Court should be three-hole-

3

punched and placed in binders. A copy of the exhibit list should precede the exhibits in the binders prepared for the Court.[3]

At trial, counsel may not approach a witness to tender an exhibit. Rather, the Courtroom Deputy will place each exhibit before each witness. In formulating a question to a witness, counsel shall specify the exhibit number or designation involved to ensure a clear record.

Exhibits introduced for the first time during trial, *i.e.*, exhibits used for impeachment, must be distributed to opposing counsel and the Court in the same quantity and format as exhibits produced before trial.

Counsel are responsible for any exhibits expected to be used during trial. At the end of each trial session, counsel shall return all original exhibits to the Courtroom Deputy.

## IX.     STIPULATIONS

Three copies of any and all stipulations shall be submitted to the Court at least seven days before the scheduled trial date.

## X.     STATEMENT OF THE CASE

An Agreed Joint Statement of the Case shall be submitted to Court approximately seven days before trial. The Statement of the Case shall be read to potential jurors by the Court prior to *voir dire*.

## XI.     *VOIR DIRE* EXAMINATION

Prospective jurors will be seated in numerical order in the courtroom. The entire panel of prospective jurors -- persons seated in the jury box and persons seated in the courtroom benches -- will be examined in one continuous examination.

---

[3] Counsel, by motion, may request a different method of handling exhibits.

4

Each prospective juror will be assigned a "juror number" by the Clerk's Office. Counsel will receive a list of the jurors' names and numbers prior to jury selection. When interrogating a juror, counsel shall refer to the juror by number only.

The Court will conduct a preliminary *voir dire* examination tailored to the issues in the case.[4] Defense counsel and the government will then be permitted to ask additional questions. During *voir dire*, counsel shall address their questions to the entire panel. Counsel may not question an individual juror unless the answer of a specific juror justifies further inquiry.

## XII.    CHALLENGES

The juror challenge process will occur after questioning and in the Court's chambers. The entire panel, not just prospective jurors seated in the jury box, shall be accepted, challenged for cause, or peremptorily challenged in a continuous sequence with reseating prospective jurors.

## XIII.    PREEMPTORY CHALLENGES

Peremptory challenges in single-defendant cases will be exercised as follows:

    a.  United States exercises its first challenge

    b.  Defendant exercises his or her first challenge

    c.  United States exercises its second challenge

    d.  Defendant exercises his or her second and third challenges

    e.  United States exercises its third challenge

    f.  Defendant exercises his or her fourth and fifth challenges

    g.  United States exercises its fourth challenge

    h.  Defendant exercises his or her sixth and seventh challenges

    i.  United States exercises its fifth challenge

---

[4] For a list of preliminary *voir dire* questions, see *infra* Appendix A.

  j. Defendant exercises his or her eighth and ninth challenges

  k. United States exercises its sixth challenge

  l. Defendant exercises his or her tenth challenge

Any party that "passes" (*i.e.*, forgoes to exercise a challenge in the order prescribed) has thereby "used" their challenge but does not waive any remaining challenges.

After twelve jurors have been fully qualified, and counsel state that they are satisfied with the jury, peremptory challenges as to the alternate juror(s) will then be exercised in the same manner.

## XIV. JURY INSTRUCTIONS

At least seven days before the scheduled trial date, counsel shall file proposed, substantive jury instructions that state the governing law with appropriate case citations.

## XV. SENTENCING

The Court will order the Probation Department to conduct and complete a presentence investigation report, *i.e.*, PSI/PSR, consistent with Local Criminal Rule 32.1 following conviction or entry of a guilty plea. Parties will be afforded an opportunity object to the PSI/PSR before it is finalized and to submit sentencing memoranda no later than seven days before the sentencing hearing.

## XVI. PAGE LIMITATIONS AND FORMATTING

While the Court prefers that memoranda not exceed the 20-page limitation set forth in S.D. Ohio Civ. R. 7.2(a)(3), leave of court is not required to file a memorandum exceeding that page limitation. However, parties filing memoranda exceeding 20 pages in length shall comply with all other requirements of S.D. Ohio Civ. R. 7.2(a)(3).

All documents, briefs, and memoranda shall comport with the following specifications: (1) one-inch margins on all sides; (2) main body of the text in 12-point, Times New Roman font; (3)

footnote text in at least 10-point font in the same typeface as the main body of the text; and (4) citations in the main body of the text, not in footnotes.

**XVII.      CONCLUSION**

Unless a motion to continue has been filed or some other events under 18 U.S.C. § 3161(h)(1) through (8) has occurred that would exclude time from the Speedy Trial Act deadline, the parties are required to fully comply with the requirements and deadlines contained in this Order.

**IT IS SO ORDERED.**

Date:  May 13, 2021                                    s/Michael J. Newman
                                                       Hon. Michael J. Newman
                                                       United States District Judge

7

## APPENDIX A: *VOIR DIRE* QUESTIONS BY THE COURT

**The Court will first conduct a preliminary examination, typically using the questions listed below. After the Court has finished its examination of the jury panel, counsel may elect to supplement the Court's examination with questions that do not repeat, in substance, any question the Court already has put to the panel.**

1. **I am now going to read the names of the parties and the witnesses that you may be hearing from in this case. Please listen to the list carefully as I will be asking you whether you know any of these people.**

   **First, as I just mentioned, the government is represented by\_\_\_\_. Seated at the counsel table with _____ is_____.**

   **At the next table is the Defendant in this case_____. He [or she] is represented by _____ of_____.**

   **The United States may call the following persons as witnesses:**

   **The Defendant may call the following persons as witnesses:**

   **Is any panel member related by blood or marriage to any of the individuals that I have just named?**

   **Are you personally acquainted with these persons, or do you have any knowledge of them, directly or indirectly, through your social, business, or professional lives?**

2. **Has any panel member ever heard of or been involved with any of the following entities or persons: [List any businesses or non-witness entities that will be important in this case]? Are any of these names familiar to any panel member?**

3. **OUTLINE THE OFFENSE PER INDICTMENT OR INFORMATION**

   **Does any panel member have prior knowledge or information about the crime(s) the defendant(s) is/are charged with, which I have just explained to you? This includes knowledge gained from personal contacts or from the media.**

   **<u>Follow-up Questions for Any Affirmative Responses</u>:**

   i. **From what source did you hear about this case (newspaper, TV, radio, conversation with others)?**

   ii. **How many times did you hear or read about it?**

   iii. **Do you remember specifically what you heard or read?**

   iv. **Did what you heard or read cause you to have any feeling concerning the merits of the parties' claims?**

   v. **Did what you heard or read cause you to have a favorable or an unfavorable impression concerning the parties?**

   vi. **Do you today have any impression or even a tentative opinion about the probable outcome of this case?**

8

4.      Does any panel member have any personal interest of any kind in this case, or in the defendant(s)?

5.      If any panel member has served as a juror in the federal or state court -- either in a civil or criminal case -- and regardless of the outcome of such case(s), would your prior experience have any effect or influence on your ability to serve as a fair and impartial juror in this case?

6.      Does any panel member have any feeling -- thought -- inclination -- premonition -- prejudice -- religious belief or persuasion -- or bias -- which might influence or interfere with your full and impartial consideration and which might influence you either in favor of or against either the defendant(s) or the government?

7.      Is there any reason in your mind why you cannot hear and consider the evidence and render a fair and impartial verdict?

8.      Can you take the law as the Court instructs, without any reservation whatsoever, and apply the Court's instructions on the law to the facts in this case? If you cannot do this, please hold up your hand.

9.      Do you recognize and accept the proposition that jurors are the sole judge of the facts and the Court is the sole judge of the law? If you cannot do this, please hold up your hand.

10.     If you are selected as a juror in this case can you extend the presumption of innocence to this defendant(s); that is, can you presume the defendant(s) is/are innocent of the charge(s) unless and until guilt is established by proof which convinces you beyond a reasonable doubt? If you cannot do this, please hold up your hand.

11.     Are you -- or is any member of your immediate family -- a member of a law enforcement agency, i.e., municipal police, county sheriff, state highway patrol, or any federal law enforcement agency, either at the present time or in the past?

12.     Does any panel member feel bias -- or prejudice -- because the defendant(s) has (have) been charged by indictment (information) with a criminal offense(s) against the United States?

13.     Has any panel member formed or expressed any opinion as to the guilt or innocence of the defendant(s)?

14.     Does any panel member have:

        a.      Any transportation problem? For example, does anyone have difficulty getting to or from the courthouse?

        b.      Any medical or disability problems, such as difficulty hearing, walking or seeing? Does any other medical problem exist which could affect your service on the jury?

15.     The Court and counsel estimate this trial will last_____days. Does any panel member have any immediate family or personal reason or situation that prevents you from serving as a juror during this period and giving your undivided attention to this case?

16.     Finally, can any of you think of any matter that you should call to the Court's attention that may have some bearing on your qualifications as a juror, or that -- even to the slightest degree -- may prevent your rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?